UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

NANYANHKA L. BRYANT,

                         Plaintiff,

v.

                         Case # 17-CV-6060-FPG

                         DECISION AND ORDER

NANCY A. BERRYHILL, ACTING
COMMISSIONER OF SOCIAL SECURITY,

                         Defendant.

## INTRODUCTION

Nanyanhka L. Bryant ("Bryant" or "Plaintiff") brings this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of the Acting Commissioner of Social Security ("the Commissioner") that denied her applications for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

Both parties have moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 9, 13. For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings.

## BACKGROUND

On August 9, 2013, Bryant protectively applied for DIB and SSI with the Social Security Administration ("the SSA"). Tr.[1] 150-58. She alleged disability since April 20, 2013 due to a left knee injury, hypertension, acid reflux, and depression. Tr. 172. Bryant later amended her alleged

---

[1] References to "Tr." are to the administrative record in this matter.

disability onset date to October 18, 2013. Tr. 68. On May 12, 2015, Bryant and a vocational expert ("VE") testified at a hearing via videoconference before Administrative Law Judge James G. Myles ("the ALJ"). Tr. 62-94. On July 2, 2015, the ALJ issued a decision finding that Bryant was not disabled within the meaning of the Act. Tr. 15-28. On December 2, 2016, the Appeals Council denied Bryant's request for review. Tr. 1-5. Thereafter, Bryant commenced this action seeking review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

### II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71

(1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). 20 C.F.R. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See* 20 C.F.R. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

**I.     The ALJ's Decision**

The ALJ's decision analyzed Bryant's claim for benefits under the process described above. At step one, the ALJ found that Bryant had not engaged in substantial gainful activity since the amended alleged onset date. Tr. 18. At step two, the ALJ found that Bryant has the following severe impairments: left knee injury, status-post motor vehicle accident, hypertension, gastroesophageal reflux disease, depression, and anxiety. *Id.* At step three, the ALJ found that these impairments, alone or in combination, did not meet or medically equal any Listings impairment. Tr. 18-20.

Next, the ALJ determined that Bryant retains the RFC to perform light work[2] with additional limitations. Tr. 20-26. Specifically, the ALJ found that Bryant can occasionally crouch, balance, stoop, climb, kneel, crawl, and perform overhead reaching with her non-dominant left upper extremity; can frequently but not continuously handle and finger; cannot climb ladders, ropes, or scaffolds; must avoid concentrated exposure to workplace hazards; can have occasional interpersonal contact in the workplace but cannot work as part of a team or have more than superficial public contact; cannot engage in work that requires strict quotas or pay for performance; and can perform only routine unskilled work. Tr. 20.

At step four, the ALJ relied on the VE's testimony and found that Bryant cannot perform her past relevant work. Tr. 26. At step five, the ALJ relied on the VE's testimony and found that Bryant could adjust to other work that exists in significant numbers in the national economy given

---

[2] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [the claimant] must have the ability to do substantially all of these activities. If someone can do light work, [the SSA] determine[s] that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. §§ 404.1567(b), 416.967(b).

4

her RFC, age, education, and work experience. Tr. 26-27. Specifically, the VE testified that Bryant could work as a sorter, packer, and cleaner. Tr. 27. Accordingly, the ALJ concluded that Bryant was not "disabled" under the Act. Tr. 27-28.

## II. Analysis

Bryant argues that remand is required because the ALJ failed to make a specific finding as to how stress affects her ability to work.[3] ECF No. 9-1 at 25-26. Specifically, Bryant asserts that the ALJ was required to make this finding based on the opinions of consultative psychologist Yu-Ying Lin, Ph.D. and licensed mental health counselor Jillian Morrill that she has difficulties dealing with stress. *Id.* The Court agrees.

"Because stress is 'highly individualized,' mentally impaired individuals 'may have difficulty meeting the requirements of even so-called 'low-stress' jobs,' and the Commissioner must therefore make specific findings about the nature of a claimant's stress, the circumstances that trigger it, and how those factors affect [her] ability to work." *Stadler v. Barnhart*, 464 F. Supp. 2d 183, 188-89 (W.D.N.Y. 2006) (citing S.S.R. 85-15, 1985 WL 56857 (S.S.A. Jan 1, 1985) and *Welch v. Chater*, 923 F. Supp. 17, 21 (W.D.N.Y. 1996) ("Although a particular job may appear to involve little stress, it may, in fact, be stressful and beyond the capabilities of an individual with particular mental impairments.")). An ALJ must specifically inquire into and analyze a claimant's ability to manage stress. *See Haymond v. Colvin*, No. 1:11-CV-0631 MAT, 2014 WL 2048172, at *9 (W.D.N.Y. May 19, 2014).

Here, the ALJ found that Bryant's depression and anxiety were severe mental impairments. Tr. 18. Treatment notes reveal that Bryant had "a difficult time dealing with her current life

---

[3] Bryant advances other arguments that she believes warrant reversal of the Commissioner's decision. ECF No. 9-1 at 22-25, 27-28. However, the Court will not address those arguments because it disposes of this matter based on the ALJ's improper evaluation of Bryant's ability to handle stress.

5

stressors" and that she would "benefit from pharmacological and psychotherapy to help her . . . gain skills to better . . . cope with stressors." Tr. 441. Both mental health opinions of record also indicate that it is difficult for Bryant to deal with stress. Tr. 480, 625.

Dr. Lin opined that Bryant is "markedly limited" in appropriately dealing with stress. Tr. 480. The ALJ summarized Dr. Lin's examination findings and opinion and afforded it only "some weight," primarily due to Bryant's "brief" mental health treatment history.[4] Tr. 23, 25. Although the ALJ cited Dr. Lin's assessment that Bryant could not appropriately deal with stress, he made no findings as to the nature of her stress, the circumstances that trigger it, and how those factors affect her ability to work. He also did not explain why he specifically rejected this portion of Dr. Lin's opinion.[5] The ALJ merely concluded that Bryant "is limited to occasional interpersonal contact, no teamwork, no more than superficial public contact, and no strict quotas or pay for performance" without explaining *how* this adequately accommodates Bryant's impairments or accounts for her inability to deal with stress.

Similarly, counselor Morrill opined that Bryant is "unable to meet competitive standards" in dealing with normal work stress, which means that she cannot satisfactorily handle stress independently, appropriately, effectively, and on a sustained basis in a regular work setting. Tr.

---

[4] An ALJ "must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment." S.S.R. 96-7p, 1996 WL 374186, at *7 (S.S.A. July 2, 1996) (effective July 2, 1996 to Mar. 28, 2016). In the mental health context, "[c]ourts have observed that faulting a person with a diagnosed mental illness for failing to pursue mental health treatment is a 'questionable practice.'" *Bick v. Colvin*, 14-CV-791S, 2016 WL 3995716, at *3 (W.D.N.Y. July 26, 2016). Thus, the ALJ should not have discounted Dr. Lin's opinion based on Bryant's infrequent mental health treatment history without first considering any viable explanations for that failure.

[5] An ALJ does not have to "reconcile explicitly every conflicting shred of medical testimony," *Dioguardi v. Comm'r of Soc. Sec.*, 445 F. Supp. 2d 288, 297 (W.D.N.Y. 2006) (citation omitted), and "[t]here is no absolute bar to crediting only portions of medical source opinions." *Younes v. Colvin*, No. 1:14-CV-170 (DNH/ESH), 2015 WL 1524417, at *8 (N.D.N.Y. Apr. 2, 2015). However, where the ALJ's "RFC assessment conflicts with an opinion from a medical source, the [ALJ] must explain why the opinion was not adopted." *Dioguardi*, 445 F. Supp. 2d at 297 (quoting S.S.R. 96-8p, 1996 WL 374184, at *7 (S.S.A. July 2, 1996)).

625. The ALJ summarized counselor Morrill's opinion and discounted it because it was purportedly inconsistent and unsupported. Tr. 25. Like he did with Dr. Lin's opinion, the ALJ cited counselor Morrill's assessment that Bryant could not deal with normal work stress, but he did not make a finding as to the nature of her stress, the circumstances that trigger it, and how those factors affect her ability to work. Tr. 25-26.

Although Social Security Ruling ("S.S.R.") 85-15 emphasizes that ALJs must carefully evaluate a claimant's ability to deal with workplace stress, the ALJ did not make specific findings concerning the nature of Bryant's stress, the circumstances that trigger it, and how those factors affect her ability to work. *See* S.S.R. 85-15, 1985 WL 56857, at *5-6. Moreover, limiting Bryant to unskilled work did not satisfy the ALJ's obligation to specifically analyze her ability to deal with stress. *See Collins v. Colvin*, No. 15-CV-423-FPG, 2016 WL 5529424, at *3 (W.D.N.Y. Sept. 30, 2016). S.S.R. 85-15 states that "[a] claimant's condition [due to stress and mental illness] may make performance of an unskilled job as difficult as an objectively more demanding job." *Id.* at *6. The Ruling also emphasizes that "the skill level of a position is not necessarily related to the difficulty an individual will have in meeting the demands of the job." *Id.*; *see also Hendrickson v. Astrue*, No. 5:11-927, 2012 WL 7784156, at *8 (N.D.N.Y. Dec. 11, 2012) (discussing S.S.R. 85-15 and finding that the ALJ erred when he failed to make particularized findings about the claimant's ability to handle stress).

The Commissioner asserts that the ALJ appropriately accounted for Bryant's stress-related issues by limiting her contact with others and precluding her from performing work that requires strict quotas or pay for performance. ECF No. 13 at 9. However, as explained above, the ALJ did not make a finding as to the nature of Bryant's stress, the circumstances that trigger it, and how those factors affect her ability to work, and therefore the Court cannot conclude that the RFC

assessment adequately addresses her ability to tolerate stress. The Commissioner may not substitute her own rationale when the ALJ failed to provide one. *See Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999) ("A reviewing court may not accept appellate counsel's *post hoc* rationalizations for agency action.") (quotation marks and citation omitted).

Given the evidence described above and the considerations articulated in S.S.R. 85-15, the Court finds that remand is required because the ALJ did not address Bryant's ability to handle stress. *See, e.g.*, *Cooley v. Berryhill*, No. 6:16-CV-06301-EAW, 2017 WL 3236446, at *12 (W.D.N.Y. July 31, 2017) (remanding where the ALJ did not expressly discuss the plaintiff's ability to deal with stress and finding that "[t]he RFC assessment, including limiting Plaintiff to 'simple, routine, repetitive tasks; no interaction with the public; occasional interaction with supervisors and coworkers,' neither addresses nor expressly accounts for Plaintiff's specific stress limitations"); *Booker v. Colvin*, No. 14-CV-407S, 2015 WL 4603958, at *3 (W.D.N.Y. July 30, 2015) (remanding where the ALJ failed to make a specific finding as to the plaintiff's ability to handle stress and to explain the "low-stress" limitations included in the RFC assessment).

## CONCLUSION

Plaintiff's Motion for Judgment on the Pleadings (ECF No. 9) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 13) is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel,* 209 F.3d 117, 124 (2d Cir. 2000). Because Plaintiff filed her application nearly four and a half years ago, the Court directs the Commissioner to expedite the remand and review of this case. The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: December 21, 2017
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court